UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

NANCY LUCIA CANNING,

Plaintiff,

v.

ZBIGNIEW WIECKOWSKI,

Defendant.

Civil No. 01-425 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26,

FILED APR 17 2001
CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's initial pleading in this case, (Docket No. 1), can be viewed as a "complaint" only by giving it the benefit of an extremely liberal construction. The pleading is not even labeled as a complaint, but rather is called a "Notice of Motion and Motion For Mistrial And Motion To Vacate Judgment and Decree." Furthermore, the pleading does not appear to be addressed to this Court, but to the state district court for Ramsey County, Minnesota. Most importantly, even if Plaintiff's pleading is construed as a complaint that is intended to commence a new civil action in this U.S. District Court, it cannot be entertained here, because it does not show any grounds for federal subject matter jurisdiction. See Fed. R. Civ. P. 8(a) ("[a] pleading that sets forth a claim for relief... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"). The Federal Rules of Civil Procedure explicitly require that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

While much of Plaintiff's current "complaint" is difficult to decipher, it clearly appears that Plaintiff is attempting to overturn some judgment or decree entered in a Minnesota state court divorce proceeding. The only named Defendant, Zbigniew Wieckowski, apparently is Plaintiff's husband (or ex-husband). As far as the Court can tell,

---

1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling [her] to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

Plaintiff is challenging a state court decision concerning the custody of Plaintiff's and Defendant's minor child.

As a general rule, however, state court decisions are not subject to review in the federal district courts. Any lawsuit filed in federal district court that seeks review of a state court ruling is barred by the Rooker-Feldman doctrine.

> "The Rooker-Feldman doctrine recognizes that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476... (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416... (1923). Instead, federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. See 28 U.S.C. § 1257; Feldman, 460 U.S. at 486.... Because the Rooker-Feldman rule is jurisdictional, it may be... raised sua sponte. See Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 137 (2d Cir.1997) [cert. denied, 522 U.S. 948 (1997)]....
>
> The Rooker-Feldman doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. See Feldman, 460 U.S. at 482 n. 16...; Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir.1999); Neal v. Wilson, 112 F.3d 351, 356 (8th Cir.1997)."

Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 121 S.Ct. 1168 (2001).

Simply stated, "[u]nder the Rooker-Feldman doctrine, lower federal courts lack jurisdiction to engage in appellate review of state court determinations." In re Goetzman, 91 F.3d 1173, 1177 (8th Cir.), cert. denied, 519 U.S. 1042 (1996). Because

Plaintiff is asking this Court to review and set aside some order(s), judgment(s) and/or decree(s) entered in her state court divorce proceedings, the present action is barred by the Rooker-Feldman doctrine.

Subject matter jurisdiction is also missing in this case because of the "domestic relations exception" to the diversity of citizenship statute.[2]

> "The domestic relations exception, first articulated in Barber v. Barber, 62 U.S. (1 How.) 582, 854... (1859), divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony, or child custody. Ankenbrandt v. Richards, 504 U.S. 689... (1992).... [W]hen a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction."

Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (emphasis added).[3]

---

[2] If not for the Rooker-Feldman doctrine and the domestic relations exception, subject matter jurisdiction might exist in this case under the diversity of citizenship statute, (28 U.S.C. § 1332), because Plaintiff lives in Wisconsin and Defendant apparently is a resident of Minnesota.

[3] As further explained in Moore's Federal Practice, Third Ed., Vol. 15, § 102.91[1]:

> "The federal courts do not have diversity jurisdiction to grant divorces, determine alimony and support obligations, or resolve the conflicting claims of divorced parents to the custody of their children. First recognized by the Supreme Court in Barber v. Barber, the exception retains its full force today. As a result, federal courts generally dismiss diversity cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." (Footnotes omitted; emphasis added.)

Because Plaintiff's claims in this action apparently arise from, and are inextricably intertwined with, a child custody dispute, subject matter jurisdiction is precluded under the domestic relations exception.

Based on both the Rooker-Feldman doctrine and the domestic relations exception, the Court concludes that Plaintiff's present action cannot be entertained in federal court. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

Dated: April 16, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 1, 2001, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.